UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WHITNEY,

        Petitioner,               Case Number: 2:11-CV-12599

v.                                          HONORABLE LAWRENCE P. ZATKOFF

CINDI CURTIN,

        Respondent.
_____/

### ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

      Petitioner William Whitney is a state inmate currently incarcerated at the Oaks Correctional Facility in Eastlake, Michigan.  He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights.  The Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

**I.**

      Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(c).  On October 16, 2009, he was sentenced to ten to fifteen years' imprisonment.

      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to appeal.  *People v. Johannes*, No. 293839 (Mich. Oct. 5, 2009).  He states that his application for leave to appeal in the Michigan Supreme Court was a late application and denied on that basis.

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the following claims:

I. Trial court abused its discretion allowing a police officer to testify to hearsay evidence.

II. Due process of law guaranteed by the Fourteenth Amendment violated where the complainant's maternal aunt was the supervising probation officer completing the pre-sentence report.

III. Right to be convicted of evidence beyond a reasonable doubt in accordance with due process clause of the Fourteenth Amendment was violated.

IV. Sixth Amendment to the United States Constitution was violated where trial attorney was ineffective in failing to object to hearsay statements, rambling long narratives, failing to object to derogatory statements, and removing jurors who had close friends and family members who had been sexually assaulted.

V. Trial court committed reversible error by not reading the jury the specific charge of CSC "incapacitated victim" causing confusion to the jury on each count.

VI. The sentence imposed by the trial court was not in compliance with guidelines. Guidelines were exceeded disproportionately based upon the facts and circumstances surrounding the case.

VII. Prosecutor committed misconduct denigrating Mr. Whitney, referring to the alleged testimony as "disgusting" or "gross" in violation of Mr. Whitney's rights.

**II.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition contains only unexhausted claims; therefore, the petition will be dismissed.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. His application for leave to appeal to the Michigan Supreme Court was rejected because it was not timely filed. His claims therefore remain unexhausted because they have not been fairly presented to the Michigan Supreme Court. *Accord Martinez-Santacruz v. Berghuis*, No. 1:07-cv-324, 2007 WL 1859882, * 3 (W.D. Mich. June 26, 2007) (finding claims not properly exhausted where the Michigan Supreme Court rejected application for leave to appeal because it was not timely filed); *Baldwin v. Stovall*, No. 05-CV-71277, 2006 WL 250264, *2 (E.D. Mich. Jan. 31, 2006) (same).

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings

pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## IV.

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.

S/Lawrence P. Zatkoff\
LAWRENCE P. ZATKOFF\
UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 22, 2011.

S/Marie E. Verlinde\
Case Manager\
(810) 984-3290
